**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-2202**

———————

In re: JAMES MALOYD HUNTER, II,

      Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia, at Norfolk.  (2:23-cr-00003-RAJ-RJK-1; 2:24-cv-00464-RAJ)

———————

Submitted:  December 18, 2025            Decided:  December 22, 2025

———————

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

James Maloyd Hunter, II, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Maloyd Hunter, II, petitions for a writ of mandamus, alleging that the district court has unduly delayed in ruling on his 28 U.S.C. § 2255 motion, which Hunter filed in July 2024. Hunter asks this court to enforce the district court's compliance with the statutory time limits contained in 28 U.S.C. § 2266.

Review of the district court's docket reveals that just before Hunter, in January 2025, filed a reply to the Government's response to his § 2255 motion, Hunter filed an interlocutory appeal, which he moved to voluntarily dismiss in March 2025. *See United States v. Hunter*, Appeal No. 25-6022 (ECF Nos. 5-6). Although seven months passed without any action on the § 2255 motion after the matter was returned to the district court, by order entered October 7, 2025, the district court appointed Hunter an attorney to assist him with the § 2255 motion. And by order entered October 30, 2025, the district court ordered Hunter to advise the court whether he wished to proceed pro se. Hunter only recently responded to the district court's October 30 order on November 7, 2025. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court).

Thus, to the extent that Hunter asks us to order the district court to decide the § 2255 motion, the present record reveals no undue delay in Hunter's habeas proceeding. We therefore deny the mandamus petition. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*